01-877 JMR/FLN

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 03-2314

---

| | | |
|---|---|---|
| Asia Pacific Industrial Corp., a British Virgin Islands corporation; Ashok S. Kothari, a resident of Hong Kong, individually, | * | |
| Plaintiffs/Appellees, | * | Appeal from the United States District Court for the District of Minnesota. |
| v. | * | |
| Rainforest Café, Inc., a Minnesota corporation, | * | |
| Defendant/Appellant. | * | |

---

Submitted: May 14, 2004
Filed: August 23, 2004

---

Before WOLLMAN, HAMILTON,[1] and BYE, Circuit Judges.

---

BYE, Circuit Judge.

---

[1]The Honorable Clyde H. Hamilton, United States Circuit Judge for the Fourth Circuit, sitting by designation.

SCANNED
SEP 30 2004
U.S. DISTRICT COURT MPLS

Rainforest Café, Inc. challenges the district court's[2] orders compelling and confirming arbitration in a contract dispute between Rainforest and Ashok S. Kothari and his investment company Asia Pacific Industrial Corporation.[3] We affirm.

I

In 1997, Rainforest Chairman Lyle Berman contacted Ashok Kothari and asked him to find a suitable franchisee to open Rainforest restaurants in Asia. Through Mr. Kothari's efforts, Rainforest contracted with James Robertson, who eventually opened successful Rainforest restaurants in Asia through Jungle Investments, Ltd., an affiliate of Rainforest. After Rainforest granted Mr. Kothari stock in Jungle, he claimed Mr. Berman had agreed to pay $1,000,000 as a fee for finding the franchisee. Rainforest responded no such agreement existed and the stock grant was sufficient compensation anyway for Mr. Kothari's services.

After the parties exchanged several written communications aimed at bringing the dispute to arbitration, Mr. Kothari and Asia Pacific brought an action for breach of oral contract in federal court. Pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16 (2000), the plaintiffs then moved to stay the federal court proceedings and compel arbitration. The district court granted the motion, and after the arbitrator awarded Mr. Kothari $200,000, the district court confirmed the award.

---

[2]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

[3]The Federal Arbitration Act (FAA) prohibits interlocutory appeals, including appeals from orders compelling arbitration. 9 U.S.C. § 16(b). The FAA, however, permits an appeal from an order confirming an arbitration award, Id. § 16(a)(1)(D), and from a final decision with respect to an arbitration that is subject to the FAA. Id. § 16(a)(3). We review Rainforest's appeal as a challenge to the order of confirmation.

On appeal, Rainforest argues the district court erred in concluding the parties entered into an arbitration agreement through their written communications. We hold the parties entered into a binding agreement to arbitrate.

II

Because the district court had to look no further than the correspondence between the parties to determine they had entered into a contract, we will review the district court's determination de novo. See Litton Microwave Cooking Prods. v. Leviton Mfg., 15 F.3d 790, 794-95 (8th Cir. 1994) (giving plenary review to question whether contract was formed through an exchange of forms between the parties); Rockwood Mfg. Corp. v. AMP, Inc., 806 F.2d 142, 144-46 (7th Cir. 1996) (giving plenary review to determination of contract formation under state law in diversity action); Hunt v. IBM Mid Am. Employees Fed. Credit Union, 384 N.W.2d 853, 856 (Minn. 1986) (stating, under Minnesota law, "[t]he resolution of whether the language used rises to the level of a contract is for the court" and "[w]here the intent of the parties is totally ascertainable from the writing, construction is for the court").

We apply ordinary state-law contract principles to decide whether parties have agreed to arbitrate a particular matter, giving healthy regard for the federal policy favoring arbitration. Aggrow Oils v. Nat'l Union Fire Ins. Co. of Pittsburgh, 242 F.3d 777, 780 (8th Cir. 2001). The parties agree Minnesota state law governs this diversity case. See Erie R.R. v. Tompkins, 304 U.S. 64, 71-80 (1938).

"Minnesota follows the objective theory of contract formation, under which an outward manifestation of assent is determinative, rather than a party's subjective intent." TNT Props., Ltd. v. Tri-Star Developers LLC, 677 N.W.2d 94, 102 (Minn. Ct. App. 1994). "The test for whether a contract has been formed is an objective one to be judged by the words and actions of the parties and not by their subjective mental

intent." Am. Fed'n of State, County and Mun. Employees, Council #14 v. City of St. Paul, 533 N.W. 2d 623, 627 (Minn. Ct. App. 1995).

Viewed objectively, the correspondence between the parties in this case shows they entered into a contract to arbitrate their dispute in June 2000, when Rainforest's General Counsel Stephen Cohen wrote to Mr. Kothari:

> Lyle [Berman] asked me to review this file and to *respond to your request* for an arbitration. *We believe that an arbitration in Minneapolis would be a workable process for resolving this dispute and as such we have turned it over to our counsel*, William Pentelovitch . . . . Please provide me with the name and number of your counsel so we can *discuss the ground rules* for arbitration. I believe it is in all of our interests to keep expenses to a minimum.

(Emphasis added.) Rainforest's subjective intent aside, this letter reflects an offer which has been received ("request for an arbitration") and Rainforest's acceptance ("an arbitration in Minneapolis would be . . . workable"). Moreover, the letter reveals Mr. Cohen turned over the dispute to outside counsel, William Pentelovitch, to "discuss the ground rules" for the now-agreed-to arbitration. Subsequent to this letter, Scott Johnson, Mr. Kothari's attorney, wrote to Mr. Pentelovitch, stating he was making contact because their clients had "apparently agreed to arbitrate the matter." In our mind, any reasonable person reading the June 2000 letter in context would conclude Rainforest and Mr. Kothari had agreed to arbitration and it only remained for the lawyers to sort through the details.

Though a few weeks later Mr. Pentelovitch wrote an ambiguous letter in which he appeared to be backtracking from this agreement, he sent Mr. Johnson an Agreement to Arbitrate form on December 4, 2000. The cover letter to the form stated, "Enclosed herewith please find a proposed form of Agreement to Arbitrate the above-referenced dispute. I *received permission from our client to go forward with*

*arbitration* this afternoon." (Emphasis added.) Again, a reasonable person would read this letter as a second acceptance of Mr. Kothari's "request" to arbitrate.

On December 13, 2000, Mr. Johnson wrote back to Mr. Pentelovitch, stating:

> I have had an opportunity to review the agreement to arbitrate which you forwarded to us and the following changes should be made. First, the agreement should be between Rainforest Café, Inc. and Asia Pacific Industrial Corporation. Ashok Kothari should not be a personally named party to the agreement. In paragraph nine, the categories of documents should be changed from 10 to 15.

In this instance, too, an objective reading of the letter suggests the parties had already agreed to arbitrate the dispute and were now merely working out the details in the Agreement form.

Rainforest argues the December correspondence did not create a contract. Rainforest claims Mr. Johnson's December 13, 2000 letter was not a valid acceptance of its offer to arbitrate because the letter changed a material term in the offer by naming Asia Pacific instead of Mr. Kothari as the arbitrating party. Whatever may be the significance of this formal distinction in name,[4] we conclude that Rainforest's argument is faulty.

The argument, of course, rests on the premise Mr. Cohen's June 2000 letter was not an acceptance of Mr. Kothari's offer. Because we have already determined the letter was indeed a valid acceptance, this premise is invalid and so is the argument it supports. That is to say, by the time Mr. Kothari suggested the name change in his

---

[4]At oral argument, Mr. Kothari explained Asia Pacific is a holding company for his properties and stock.

December 13 letter, the parties were already bound by the arbitration agreement and Mr. Kothari's request was at most a request to modify the contract.[5]

III

Because a valid agreement to arbitrate was formed in June 2000, the district court properly compelled the parties to arbitrate their dispute. In turn, the district court's order confirming arbitration was also without error. It is affirmed.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans

[5]Rainforest apparently rejected the request, for Mr. Kothari himself remained the named claimant through arbitration.

**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

THOMAS F. EAGLETON COURT HOUSE
ROOM 24.329
111 S. 10TH STREET
ST. LOUIS, MISSOURI 63102

MICHAEL E. GANS
Clerk of Court

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

September 24, 2004

Mr. Richard Sletten
Clerk
U.S. DISTRICT COURT, MINNESOTA
202 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415

Re: 03-2314 Asia Pacific Ind. vs. Rainforest Cafe

RECEIVED BY U.S. MAIL
2004 SEP 30 AM 9:11
CLERK, U.S. DIST COURT MINNEAPOLIS, MN

Dear Clerk:

The mandate of this Court is being sent to the clerk of the district court, together with a receipt. The clerk of the district court is requested to sign, date, and return the receipt to this office.

Any district court records in this court's possession will be returned shortly.

(5175-010199)

Sincerely,

Michael E. Gans
Clerk of Court

cmd

Enclosure

(LETTER FOR INFORMATIONAL PURPOSES ONLY)

---

cc: Honorable James M. Rosenbaum
Scott Allen Johnson
Edward Brian Magarian

District Court/Agency Case Number(s): CIV 01-877 JMR/FLN